IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Plaintiff,

  v.

AMANDA FRANCO, et al.,

    Defendants.

                                            /

No. C 12-06431 JSW

**ORDER OF REMAND**

      Defendants Amanda Franco and Cesar Franco ("Defendants") removed on the basis of complete diversity. This Court has an independent duty to ascertain its jurisdiction and may remand *sua sponte* for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). The burden of establishing federal jurisdiction for purposes of removal is

on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Moreover, a court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

Here, the state court action is an unlawful detainer action and, thus, federal law does not create the cause of action. Moreover, the Court concludes that the claim will not necessarily depend upon the resolution of a substantial question of federal law. Furthermore, a court cannot exercise removal jurisdiction on the ground that the complaint gives rise to a potential or an anticipated *defense* that might raise a federal question, even if the defense is the only question truly at issue in the case. *Franchise Tax Board*, 463 U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original).

The Court also determines that it does not have diversity jurisdiction over this matter. First, the amount in controversy does not exceed the jurisdictional amount of $75,000. "In unlawful detainer actions, the right to possession is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession." *Federal Home Loan Mortgage Corp. v. Pulido*, 2012 WL 540554 (N.D. Cal. Feb. 17, 2012). Here,

Plaintiff seeks daily damages from May 16, 2012 until judgment. Plaintiff filed its action as a "Limited Civil Case" in which the amount demanded does not exceed $25,000. (*See* Civil Case Cover Sheet, attached to Notice of Removal.) Where, as here, a plaintiff specifically alleges that the amount in controversy is less than the jurisdictional threshold, a defendant has the burden of showing with legal certainty that the amount in controversy exceeds $75,000. *See Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)). Defendants have not done so here.

Diversity jurisdiction is lacking for another independent reason. 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action. Defendants are citizens of California. (*See* Notice of Removal at p. 2.) Therefore, pursuant to 28 U.S.C. § 1441(b), they are precluded from removing this action on the grounds of diversity. Therefore, the Court finds that it lacks subject matter jurisdiction to hear this matter.

Additionally, the Court finds that Plaintiff, in its motion to remand, has demonstrated that Defendants' notice of remand was untimely. Defendants removed this matter more than thirty days after they were served, filed a demurrer, and filed an answer in state court. "A defendant seeking to remove from state to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b)." *Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011). "[T]he [§ 1446(b)] time limit is mandatory and a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). Defendants were served on June 4, 2012. Defendants filed a demurrer on July 2, 2012 and filed their answer on July 27, 2012. Therefore, their removal was untimely.

Finally, the Court notes this is the second time Defendants have removed this action. Defendants shall not remove this action again.

///

///

///

3

The Courtt HEREBY REMANDS this action to the Superior Court of the State of California in and for the County of Yolo. The Clerk shall remand this case to the Superior Court of Yolo forthwith.

**IT IS SO ORDERED.**

Dated: April 8, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Plaintiff,<br><br>   v.<br><br>AMANDA FRANCO et al,<br><br>        Defendant.<br>_____/ | Case Number: CV12-06431 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 8, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Amanda Franco
Cesar Franco
1834 Hardy Drive
Woodland, CA 95776


Dated: April 8, 2013

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk